Joshua F. McMahon, Esq. – NJAID: 043282005
Schiller McMahon LLC
123 South Avenue East
Second Floor
Westfield, New Jersey 07090
P: (908) 233-4840
F: (908) 935-0822
Attorneys for Plaintiff, Raul Tornes

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| RAUL TORNES, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ELIZABETH; <br> EDWARD SHIELDS; and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiff, RAUL TORNES ("Plaintiff"), with a residence address of 11 Centre Street, Elizabeth, New Jersey 07202, by and through undersigned counsel, alleges as follows:

**JURISDICTION STATEMENT AND PARTIES**

1. This is an action for damages arising out of one or more violations of federal and state law, and it is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and § 1343 in that this is an action to redress violations of Plaintiff's federally-protected Constitutional rights. Jurisdiction over the state law claims is founded upon the supplemental jurisdiction of this Court, 28 U.S.C. § 1367.

1

3. At all times relevant herein, Plaintiff is and was a legal resident in the United States, and a resident of Union County, New Jersey, and is otherwise *sui juris*.

4. At all relevant times hereto, Defendant City of Elizabeth ("City"), was a municipality duly organized and existing under the laws of the state of New Jersey, and located at 50 Winfield Scott Plaza, Elizabeth, New Jersey 07201. Defendant City runs/operates/oversees/is responsible for, by funding and through other means, the Elizabeth Police Department ("EPD"), which is and was a municipal subdivision and arm of the City, located at 1 Police Plaza, Elizabeth, New Jersey 07201. Defendant City EPD.

5. At all relevant times hereto, Defendant Edward Shields ("Shields"), was a citizen and resident of New Jersey, acting in his capacity as an EPD officer and was acting under color of state law. He is sued in his individual and official capacity.

6. At all times relevant hereto, Defendants John Does 1 through 10, being fictitious and gender-neutral identities and representing unnamed agents, servants and employees of the City and EPD who violated Plaintiff's rights and/or were a proximate cause or substantial factor of Plaintiff's damages. They are sued in their individual and official capacities.

7. Defendants Shields, and John/Jane Does 1 through 10 may be collectively referred to as the "PO Defendants."

8. All of the above defendants may be referred to as "Defendants" in the aggregate.

9. At all times relevant hereto, Defendant City, acting under color of law, was responsible for the hiring, training, supervision, discipline, retention, termination and promotion of the PO Defendants, inclusive of the defendants named herein.

10. At all times relevant hereto, the acts of the PO Defendants and other employees and/or agents of the City involved in this incident were performed under the color and pretense of

the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of New Jersey, under the color of law and by virtue of their authority as law enforcement officers for Defendant City, and in the scope of their employment with Defendant City.

11. At all times relevant hereto, the PO Defendants acted under color of state law in their official capacity to deprive Plaintiff of his clearly established rights pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

12. The acts and practices constituting the violations alleged below have all occurred within the State of New Jersey, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey. Venue in the District of New Jersey, Newark Division is proper because the incident which is the subject of this lawsuit occurred in the State of New Jersey and Defendants are located in this venue. *See* 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

13. This action has been commenced within the statute of limitations for all Federal and pendent State causes of action.

14. Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to Title 59, *New Jersey Statutes*; all applicable notices have been provided to Defendants.

15. Plaintiff has retained Schiller McMahon LLC to represent his interests in prosecuting this action, and Schiller McMahon is entitled to their reasonable attorneys' fees and costs incurred in connection therewith.

## FACTUAL ALLEGATIONS

16. On or about September 29, 2017, Plaintiff was unlawfully stopped, handcuffed, arrested, and taken into custody by the EPD police officers.

17. While at EPD headquarters, Plaintiff was handcuffed to a bench in the "roll-call" room, when he was attacked by several EPD police officers, including but not limited to Defendants Shields and John/Jane Does 1-10, while other said John/Jane Doe Officers stood idly by and watched the unlawful excessive force without taking action to intervene and prevent same.

18. Defendants Shields and John Doe then forcibly brought Plaintiff towards the cellblock area of EPD headquarters, all the while Plaintiff was screaming for helping and yelling "I am not resisting!"

19. Plaintiff's screams were ignored as multiple EPD officers in the areas which Plaintiff was dragged by Defendants Shields and John/Jane Does.

20. Rather than placing Plaintiff in a cell, Defendants Shields and John/Jane Does brought Plaintiff past the empty cells and punched Plaintiff in the face and proceeded to knee him in his skull while Plaintiff was still in handcuffs.

21. Defendant Shields, following the beating, called Plaintiff a "fuckin faggot".

22. The above-referenced assaults and homophobic epithets were, in fact, video and audio recorded.

23. As a direct and proximate result of the intentional, willful, recklessly indifferent and/or malicious acts described hereinabove, Plaintiff suffered serious and permanent physical and emotional injuries.

24. Subsequent thereto the attack on Plaintiff, and John/Jane Does intentionally filed false police reports in an effort to conceal the illegality of the PO Defendants' conduct against Plaintiff.

25. In furtherance of the cover-up, on September 30, 2017, a complaint was filed against Plaintiff falsely charging him with various criminal offenses.

26. On or about November 13, 2017, all charges against the Plaintiff were dismissed by the Union County Prosecutor's Office.

27. In December of 2017, Plaintiff timely served Notices of Tort Claim on Defendants.

28. On or about August 24, 2018, the Union County Prosecutor's Office lodged Complaint-Summons S-2018-2882-2004 against Defendant Shields for one (1) count of Simple Assault. That matter remains pending in the New Providence Municipal Court.

29. More than six months have elapsed since the service of the Notice of Tort Claim and the claims remain unsatisfied.

## ADDITIONAL FACTS SURROUNDING LIABILITY

30. Defendant City and EPD are the ultimate policymaking authority for all officially-adopted policies and procedures implemented by employees of Defendant City, including all PO Defendants. Further, it is the entity legally responsible for the hiring, retention, supervision, and training of employees of the EPD, as well as administering any discipline to said employees.

31. Defendant City has been placed on notice that there is a pervasive and systematic pattern, custom and practice within the EPD to engage in unlawful stops and arrests, and use excessive force by rendering vicious beatings to members of the general public – even those who do not resist arrest, including innocent bystanders and those accused of minor criminal infractions – and to make great efforts to use excessive force outside the view of third-party witnesses, and frequently while the person detained is subdued, restrained, or otherwise still in handcuffs. False reports are rendered, and charges are officially pursued against the victims of these unconstitutional beatings and excessively forceful arrests, but then later are dropped in an effort to intimidate the victims. Finally, the investigations into such allegations of excessive force are almost always a virtual whitewash, as EPD officers are rarely, if ever, punished for such conduct

even when investigations reveal conduct that requires action to be undertaken against the officers(s) involved to prevent such occurrences in the future.

32. Specifically, the notice to the EPD of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports. Some of those matters which would place the Defendants on notice involve individuals by the name of Thurman Brown; Khaseem Greene; Michael Bates; Carlos Gonzalez; and Jerome Wright.

33. Additionally, Defendant Shields was featured in last year's award-winning report entitled "The Force Report", where NJ Advanced Media conducted an in-depth analysis of how force is used, tracked and documented in the State of New Jersey as it applies to law enforcement. Defendants Shields is one of the most violent, aggressive persons in the entire Elizabeth Police Department.

34. Thus, Defendant City is also on notice of the fact a systemic and pervasive pattern and practice of unlawful stops and arrests, as well as excessive force and wrongful and unreasonably forceful arrests exist within the EPD and that members of the citizenry are the victims of these acts committed by EPD officers in violation of the Fourth Amendment and concomitant state constitutional clauses which prohibit unlawful stops, arrests, seizures and force. Defendant EPD officers are allowed and indeed encouraged to commit these wrongful and unconstitutional acts with impunity knowing that no discipline, much less meaningful discipline, will follow for acts of excessive force, false arrest and malicious prosecution. Such illegal conduct is ratified and condoned by Defendants City and EPD.

35. PO Defendants are comfortable in the knowledge that any acts of unlawful stops and arrests or excessive force and malicious prosecution that they commit will not result in

discipline by Defendant City even when the act of unlawful stop, arrest, and/or excessive force occurs on video/audio. Thus, the lack of discipline for excessive force, unlawful arrests and malicious prosecution allowed PO Defendants to wrongfully stop, arrest and commit excessive and unreasonable force against the Plaintiff because PO Defendants knew that there would be no official reprisals for their actions against Plaintiff.

36. Upon information and belief, the discovery phase of this litigation will further reveal many other instances where Defendants City, by and through its officers and employees, has allowed, condoned, encouraged, and otherwise engaged in excessive and unreasonable force, wrongful arrests and racial profiling only to fail to discipline for such actions, much less properly supervise and train to prevent further abuses.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1983
(Civil Action for Deprivation of Rights)

37. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

38. At all times material hereto, Plaintiff had the constitutional right to be free from an unlawful stop, unlawful arrest and/or the use of excessive and unreasonable force against his person.

39. The PO Defendants, under color of state law, deprived Plaintiff of his constitutional rights by, among other things:

   a. Unlawfully stopping and arresting Plaintiff without reasonable and articulable suspicion;
   b. Using excessive and unreasonable force while Plaintiff was handcuffed inside of the police station;

      c.      Falsely imprisoning and/or detaining Plaintiff;
      d.      Improperly denying Plaintiff's right to privacy;
      e.      Depriving Plaintiff of his right to due process;
      f.      Depriving Plaintiff of his right to equal protection of the laws;
      g.      Subjecting Plaintiff to cruel and unusual punishment.

40. In committing the acts complained of herein, all named Defendants acted under color of state law to deprive Plaintiff of his clearly established constitutionally protected rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution and applicable provisions of the New Jersey Constiution.

41. PO Defendants violated 42 U.S.C. § 1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force necessary to arrest Plaintiff in violation of his rights under the United States Constitution.

42. PO Defendants, while acting in their capacities as police officers for Defendant City and under color of law, did intentionally use excessive and unreasonable force when they attacked and assaulted him inside of the EPD headquarters.

43. PO Defendants, including but not limited to John/Jane Does, subjected Plaintiff to further indignities by filing a false report in an effort to assist Shields, John/Jane Does, and perhaps others, in avoiding apprehension and prosecution for his unlawful actions.

44. The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983 for violation of one's civil and constitutional rights under color of state law.

45. As a proximate result of the aforesaid acts by Defendants, Plaintiff has been damaged and has suffered emotional injuries including mental distress and anguish.

**COUNT TWO**
**VIOLATION OF 42 U.S.C. § 1985**
**(Conspiracy to Violate Civil Rights)**

46. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

47. The acts of PO Defendants as well as Defendant City and EPD constitute a violation of the Civil Rights Act, 42 U.S.C. § 1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, ethnicity, national origin, or other unlawful basis.

48. PO Defendants, individually and as a group participated and conspired with one another, to violate Plaintiff's civil rights, as more fully described above, due to his race, ethnicity, national origin, or other unlawful basis.

49. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional distress and mental anguish as well as deprivation of rights under the Civil Rights laws.

**COUNT THREE**
**VIOLATION OF 42 U.S.C. § 1981**
**(Violation of Equal Rights Under the Law)**

50. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

51. The acts of the PO Defendants as well as the EPD and City constitute a violation of the Civil Rights Act, 42 U.S.C. § 1981.

52. The acts of the Defendants were motivated by were motivated by racial, ethnic, national origin and/or other unlawful animosity and/or by desire to injure, oppress and intimidate the Plaintiff because of his race, ethnicity, national origin, or other protected attribute.

53. As a proximate result of the above-mentioned acts, Plaintiff has suffered damages including severe emotional distress and mental anguish as well as a deprivation of his rights under

§ 1981, as well as the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the applicable provisions of the New Jersey Constitution which prohibit unlawful stops, arrests and force.

**COUNT FOUR**
**VIOLATION OF 42 U.S.C. § 1985**
**(Conspiracy to Violate Plaintiff's Equal Rights Under the Law)**

54. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

55. The acts of PO Defendants as well as Defendant City and EPD constitute a violation of the Civil Rights Act, 42 U.S.C. § 1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, ethnicity, national origin, perceived sexuality and/or other unlawful basis.

56. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional distress and mental anguish as well as deprivation of rights under the Civil Rights laws.

**COUNT FIVE**
**VIOLATION OF 42 U.S.C. § 1986**
**(Failure to Prevent Violations of Civil Rights)**

57. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

58. The Defendants had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff and/or other minorities, including Plaintiff, but neglected and failed to prevent said wrongful and illegal acts when they had power to do so.

59. This neglect, aid and refusal to prevent or rectify is a violation of the Civil Rights Act, 42 U.S.C. § 1986.

60. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress and a deprivation of rights under the Civil Rights laws.

## COUNT SIX
## NEW JERSEY STATE CIVIL RIGHTS ACTION/STATE CONSITITUTIONAL CLAIM
## (N.J.S.A. 10:6-1, *et seq.*)

61. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

62. The illegal, unconstitutional and discriminatory acts of the Defendants constituted acts of a *de facto* policy to discriminate, unlawfully stop and arrest, use unlawful force and assault Plaintiff. The actions of the Defendants aforesaid also represent a *de facto* policy to deny Plaintiff his due process, equal protection and to be free from unlawful stops and arrests, excessive force and cruel and unusual punishment. All of these violations contravene Plaintiff's constitutional rights under the New Jersey State Constitution including, but not limited to, Article I, Section 1; Article I, Section 5 – denial of rights; and Article I, Section 7; and the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

63. Each individual Defendant was acting at all times in furtherance of his employer.

64. As a proximate result of the aforesaid conduct, Plaintiff has been damaged, including violation of his civil rights and has suffered severe physical and emotional pain and suffering.

## COUNT SEVEN
## WILLFUL DISREGARD

65. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows:

66. The conduct of Defendants was outrageous, wanton and willful, in reckless indifference to the rights, safety, and interests of Plaintiff, and taken with conscious disregard of their duties and obligations.

67. Defendants acted with deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act, 42 U.S.C. § 1986.

68. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress and a deprivation of rights under the Civil Rights laws.

**COUNT EIGHT**
**ASSAULT AND BATTERY**

69. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows.

70. PO Defendants, and perhaps others, intended to cause a harmful or offensive contact with Plaintiff, and/or an imminent apprehension of such a contact.

71. Plaintiff was thereby put in such imminent apprehension.

72. PO Defendants, individually and/or acting in concert, contacted Plaintiff in a harmful and offensive manner without cause and/or legal justification.

73. As a proximate result of the aforesaid conduct, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress.

74. As a proximate result of the Defendants' conduct, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress.

## COUNT NINE
## MALICIOUS PROSECUTION

75. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows.

76. The PO Defendants named herein, and perhaps others, conspired to falsely file a criminal complaint against Plaintiff.

77. The above-referenced criminal complaint was thereafter dismissed by a neutral and detached magistrate.

78. No reasonable or probable cause existed for the PO Defendants to charge Plaintiff with the offenses outlined in the criminal complaint.

79. As a proximate result of the PO Defendants' conduct, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress.

## COUNT TEN
## VICARIOUS LIABILITY

80. Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if set forth fully herein, and further states as follows.

81. A public employee is liable in damages to anyone suffering injury proximately caused by the execution or enforcement of any law and such acts that are without reasonable good faith.

82. Defendant City is liable to Plaintiff by virtue of vicarious liability and/or *respondeat superior* for the wrongful acts of the PO Defendants.

83. At all times relevant hereto, PO Defendants acted within the scope of their employment with Defendant City.

84. Even if the wrongful acts of the PO Defendants were committed while acting outside the scope of their employment, Defendant City is liable, as the City intended the consequences, was negligent or reckless, the conduct violated a non-delegable duty of City, or the PO Defendants purported to act or to speak on behalf of the City and there was a reliance upon apparent authority, or the PO Defendants were aided in accomplishing the torts by the existence of the agency relation.

85. As a proximate result of the PO Defendants' conduct, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

1. An award of compensatory damages and punitive damages against Defendants, together with interest, costs of suit and attorneys' fees; for his personal injuries; pain and suffering; past, present and future medical expenses; attorneys' fees; mental anguish; loss of earning capacity; and loss of capacity to enjoy life; as well as his costs, and all other relief the Court deems just and proper.

2. A declaratory judgment that PO Defendants unconstitutionally and unlawfully stopped, arrested, and/or used excessive force against Plaintiff in violation of the State and federal constitution.

3. A declaratory judgment declaring that the EPD's policy, practice and/or custom of unlawful stops, searches, arrests, and acts of excessive and unreasonable force, wrongful arrests and racial profiling challenged herein are unconstitutional in that they violate the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1986, and the Constitution and laws of the State of New Jersey, and that its implementation, enforcement and sanctioning by EPD officers is a direct and proximate result of the following policies, practices and/or customs of the EPD:

   a. Failing to adequately screen, train and supervise officers;

   b. Failing to adequately monitor the EPD officers and discipline those EPD officers who violate the constitutional rights of residents of the communities they patrol; and

   c. Encouraging, sanctioning and failing to rectify the EPD's unconstitutional policies.

4. Issue an order for the following injunctive relief:

   a. Enjoining the EPD from continuing its policy, practice and/or custom of unlawful stops, searches, arrests, and acts of excessive and unreasonable force, wrongful arrests and racial profiling;

   b. Requiring the EPD to institute and implement improved policies and programs with respect to training, discipline, and promotion designed to eliminate the EPD's policy, practice and/or custom of unlawful stops, searches, arrests, and acts of excessive and unreasonable force, wrongful arrests and racial profiling;

   c. Requiring the EPD to deploy EPD officers with appropriate and adequate supervision; and

   d. Requiring an independent monitor to oversee EPD to prevent unlawful stops, searches, arrests, and acts of force, as well as to determine whether reported

stops, searches, arrests, and acts of force have comported with constitutional requirements and make any other report that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable under the law.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to file such specific amendments and/or additional claims as are applicable hereinafter to this section and/or as the same are subsequently discovered.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

*/s/ Joshua F. McMahon*

Joshua F. McMahon, Esq.
Attorney for Plaintiff Raul Tornes

Dated: September 27, 2019

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on September 27, 2019, we electronically filed the foregoing with the Clerk of the Court using CM/ECF. We also certify that the foregoing document will be served on all parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted

*/s/ Joshua F. McMahon*

By: _____
Joshua F. McMahon, Esq.